Official Form 17
(12/04)

**FILED**
2007 JUL -6 PM 12: 35

# United States Bankruptcy Court

_____ District Of __Delaware__

CLERK
-BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re __Autrey J. Locklear__,
    Debtor

Case No. __06-50817__

Chapter __7 - No Asset__

## NOTICE OF APPEAL

_____ __Autrey J. Locklear__, the plaintiff [or defendant or other party] appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the Honorable Peter J. Walsh entered in this adversary proceeding on this __27th__ day of __June, 2007__.

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Delaware Division of Revenue          Stuart B. Drowos, Esq,
State of Delaware                     820 Carvel State Building
                                      Wilmington, DE 19801
                                      302-577-8660

Dated: __7/6/07__

Signed: _____
Attorney for Appellant (or Appellant, if not represented by an Attorney)

Attorney Name:  __Pro-se__

Address:  __1510 E. Ayre St.__

          __Newport, Delaware 19804__

Telephone No:  __302-353-1018__

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this notice of appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

## CERTIFICATE OF SERVICE

I, <u>Autrey J. Locklear</u>, do hereby declare under the penalty of perjury, that I have served the parties below a copy of the attached Notice of Appeal on this 10th day of July, 2007:

| | |
|---|---|
| Honorable Peter J. Walsh<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street<br>Wilmington, DE 19801 | (By hand) |
| United States Bankruptcy Court<br>District of Delaware<br>Office of the Clerk of the Court<br>3rd Floor<br>824 Market Street<br>Wilmington, DE 19801 | (By hand) |
| Stuart B. Drowos, Esq.<br>Deputy Attorney General<br>Department of Justice<br>State of Delaware<br>Carvel State Building<br>820 French Street<br>Wilmington, DE 19801 | (First-class, U.S. Mails) |

Autrey J. Locklear <u>pro-se</u>
1510 E Ayre Street
Newport, DE 19804
(302) 353-1018

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| AUTREY J. LOCKLEAR, | ) |
| CHERYL B. LOCKLEAR, | ) Case No. 05-13074(PJW) |
| | ) |
| Debtors. | ) |
| | ) |
| AUTREY J. LOCKLEAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 06-50817(PJW) |
| | ) |
| STATE OF DELAWARE and DELAWARE | ) |
| DIVISION OF REVENUE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons set forth in the Court's memorandum opinion of this date, Defendants' motion (Doc. # 13) for summary judgment is **granted** and Plaintiff's cross-motion (Doc. # 16) for summary judgment is **denied**.

Peter J. Walsh
United States Bankruptcy Judge

Dated: June 27, 2007



UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AUTREY J. LOCKLEAR, | ) | |
| CHERYL B. LOCKLEAR, | ) | Case No. 05-13074(PJW) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| AUTREY J. LOCKLEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 06-50817(PJW) |
| | ) | |
| STATE OF DELAWARE and DELAWARE | ) | |
| DIVISION OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Stuart B. Drowos
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 8th Floor
Wilmington, DE 19801

Attorney for Defendants

Autrey J. Locklear
1510 E. Ayre Street
Newport, DE 19804

Pro Se Plaintiff

Dated: June 27, 2007

**WALSH, J.**

This opinion is with respect to the motion (Adv. Doc. # 13) of the State of Delaware and the Delaware Division of Revenue ("Defendants") for summary judgment against Autrey J. Locklear ("Plaintiff"), a pro se Chapter 7 debtor, and Plaintiff's cross-motion (Adv. Doc. # 16) for summary judgment against Defendants. For the reasons outlined below, Defendants' motion for summary judgment is granted and Plaintiff's cross-motion for summary judgment is denied.

### BACKGROUND

Plaintiff and his wife, Cheryl B. Locklear, filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 et seq.,[1] on October 6, 2005 and received a discharge on January 31, 2006. Plaintiff filed this adversary proceeding to request that the Court determine the dischargeability of Plaintiff's income tax debt owed to Defendants. (Adv. Doc. # 1, ¶ 1.) Plaintiff's debt dates back to Plaintiff's failure to file federal and state income tax returns for the years 1987 and 1988. (Id. at ¶ 4.) Around this time Plaintiff was employed by FSC Securities Inc. as a Managing Financial Agent in Wilmington, Delaware, and became the subject of an investigation by the Delaware Securities Commissioner for defalcation of client

---

[1] Individual sections of the Bankruptcy Code will be cited herein as "§ __."

3

investments. (Id. at ¶¶ 5, 7.) Pursuant to a warrant, agents of the Delaware Department of Justice seized Plaintiff's personal records and files from his home and office. (Id. at ¶ 7.) Plaintiff claims that he attempted to reclaim his property, but the Department of Justice refused to return documents that were essential for Plaintiff to file his tax returns. (Id. at ¶¶ 8-9, 11.)

On December 21, 1988, Plaintiff was arrested on embezzlement charges and, after pleading guilty, he was sentenced to ten years of imprisonment on June 23, 1989. (Id. at ¶ 9.) While incarcerated, Plaintiff negotiated a resolution to a dispute with the IRS over his failure to file federal tax returns for 1987 and 1988. (Id. at ¶¶ 10-12.) Defendants claim that they received an IRS Revenue Agent Report on or about October 29, 1992, which showed that Plaintiff had failed to pay taxes on funds obtained through embezzlement in 1987 and 1988. (Adv. Doc. # 13, ¶¶ 4-6.) While Defendants claim that a Delaware State assessment against Plaintiff became final on or about February 12, 1993 (Id. at ¶ 1), Plaintiff claims that he never received any correspondence from Defendants regarding the tax debt until after he was paroled on August 19, 1997. (Adv. Doc. # 1, ¶ 13.)

Since getting out of jail, Plaintiff has pursued various avenues to reduce the amount he owes to Defendants, including proceedings before the Tax Appeal Board, the United States District

4

Court for the District of Delaware, the U.S. Court of Appeals for the Third Circuit, the Delaware Court of Chancery, and now this Court. (Id. at ¶¶ 11-19.) Plaintiff has been unsuccessful at all levels.

Unable to meet his debts, Plaintiff and his wife filed for bankruptcy on October 6, 2005 and received a discharge on January 31, 2006. On August 10, 2006, Plaintiff received a "Notice of Personal Income Tax Due" from Defendants reflecting a balance of $701,720.37, including penalties and interest. (Id. at ¶ 17.) Plaintiff filed this adversary proceeding on September 5, 2006 to determine that the debt owed to Defendants was discharged.

Plaintiff maintains that he still cannot file his tax returns for 1987 and 1988 because the State of Delaware has not returned his personal records from those years. (Id. at ¶ 19.) Defendants point out that Plaintiff could have filed his 1987 return because his records were not seized until November 1988. (Adv. Doc. # 13, ¶ 5.) Additionally, Defendants argue that because the Delaware state income tax return "piggy backs" on the Federal return, Plaintiff could have filed his 1987 and 1988 returns using the Adjusted Gross Income figure that Plaintiff agreed upon with the IRS in 1992. (Id. at ¶ 7.)

**DISCUSSION**

Defendants have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which provides

5

that a party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding motions for summary judgment, a court must view all facts in the light most favorable to the non-moving party. Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 343 F.3d 669, 680 (3d Cir. 2003).

Defendants argue that they are entitled to summary judgment as a matter of law because Plaintiff's debt to Defendants is excepted from discharge under § 523(a)(1)(B)(i) and (a)(1)(C). These sections provide

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--
> (1) for a tax or a customs duty--
> * * *
> (B) with respect to which a return, or equivalent report or notice, if required-
> (i) was not filed or given; or
> * * *
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

§ 523(a)(1)(B)(i) and (a)(1)(C).

In response to Defendants' motion and in asserting his cross-motion for summary judgment, Plaintiff argues that § 523(a)(1)(C) does not apply. Plaintiff cites United States v. Fegeley (In re Fegeley), 118 F.3d 979, 983 (3d Cir. 1997) as

establishing the standard that courts should use to determine whether a debtor willfully attempted to evade or defeat a tax liability. The court in that case stated, "The plain language of the second part of § 523(a)(1)(C) comprises both a conduct requirement (that the debtor sought 'in any manner to evade or defeat' his tax liability) and a mental state requirement (that the debtor did so 'willfully')." Id. (quoting In re Birkenstock, 87 F.3d 947, 951 (7th Cir. 1996)). In order to determine whether a tax liability is non-dischargeable under § 523(a)(1)(C), the tax creditor must show that "(1) [the] debtor had a duty to file income tax returns; (2) [the] debtor knew he had such a duty; and (3) [the] debtor voluntarily and intentionally violated that duty." Id. at 984 (quoting In re Semo, 188 B.R. 359, 362 (Bankr. W.D. Pa. 1995)); see also United States v. Weiss (In re Weiss), 237 B.R. 600, 605 (E.D. Pa. 1999). Interpretation of this exception to discharge should be strictly construed in favor of the debtor. In re Fegeley, 118 F.3d at 983; Dalton v. I.R.S., 77 F.3d 1297, 1300 (10th Cir. 1996); In re Weiss, 237 B.R. at 604.

Plaintiff argues that he was unable to file his state tax returns for 1987 and 1988 because the Delaware Department of Justice confiscated his records. On this basis, he argues that Defendants have not met their burden of showing that Plaintiff "voluntarily and intentionally violated" his duty.

This Court need not address Plaintiff's arguments as to the applicability of § 523(a)(1)(C), because regardless of whether Plaintiff's debt to Defendants is non-dischargeable under § 523(a)(1)(C), the debt is clearly non-dischargeable under § 523(a)(1)(B)(i). Unlike (a)(1)(C), (a)(1)(B)(i) contains no mental state requirement. It simply states that "[t]he Debtor is not discharged from a tax debt with respect to a tax for which a return or equivalent was required but not filed." 4 Collier on Bankruptcy ¶ 523.07[3][a] (15th ed. 2006). The Ninth Circuit, crafting a straight-forward test taken from the plain language of the statute, has ruled that a tax liability is non-dischargeable under § 523(a)(1)(B)(i) if: "(1) the tax underlying the tax liability debt required a return; and (2) the debtor failed to file the required return." United States v. Hatton (In re Hatton), 220 F.3d 1057, 1060 (9th Cir. 2000) (quoting California Franchise Tax Bd. v. Jackson (In re Jackson), 184 F.3d 1046, 1050 (9th Cir. 1999)). It does not matter whether the debtor had knowledge of a duty to file a return or whether the debtor willfully failed to file a return. Spain v. United States (In re Spain), 182 B.R. 233, 235 (S.D. Ill. 1995).

Plaintiff does not contest Defendants' assertion that he was obligated to file a tax return for 1987 and 1988, and he failed to do so. Therefore, under § 523(a)(1)(B)(i) Plaintiff's debt to Defendants was never discharged. If it were clear that Plaintiff

8

had no way of filing his taxes without the records that the Department of Justice confiscated from him, then perhaps Plaintiff would have a defense of impossibility. However, Plaintiff clearly had means of filing his state tax return for 1987 as his records were not confiscated until November, 1988. Additionally, Defendants point out that Plaintiff can use the Adjusted Gross Income figure that Plaintiff agreed upon with the IRS in 1992 to compute his missing state returns. While Plaintiff insists that he cannot make any filing for 1987 or 1988 without his confiscated records, he has not stated what information from those records he needs that he cannot obtain elsewhere.

## CONCLUSION

Based on the foregoing discussion, Defendants' motion for summary judgment is granted and Plaintiff's cross-motion for summary judgment is denied.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

**APPEAL TRANSMITTAL SHEET**

Case Number: _____   ○ BK   ○ AP
   If AP, related BK Case Number: _____

Title of Order Appealed:
_____
      Docket Number: _____   Date Entered: _____

Item Transmitted:   ○ Notice of Appeal            ○ Motion for Leave to Appeal
                  ○ Amended Notice of Appeal   ○ Cross Appeal
                Docket Number: _____   Date Filed: _____

*Appellant/Cross Appellant:                    *Appellee/Cross Appellee
_____   _____
Counsel for Appellant:                         Counsel for Appellee:
_____   _____
_____   _____
_____   _____
_____   _____

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ○ Yes   ○ No

IFP Motion Filed by Appellant?   ○ Yes   ○ No

Have Additional Appeals to the Same Order been Filed?   ○ Yes   ○ No
   If so, has District Court assigned a Civil Action Number?   ○ Yes   ○ No   Civil Action # _____

Additional Notes:
_____

_____            By: _____
Date                                             Deputy Clerk
_____
                                                      FOR USE BY U.S. BANKRUPTCY COURT
Bankruptcy Court Appeal (BAP) Number: _____
7/6/06